MEMORANDUM **
Cyrus Braswell appeals pro se from the district court’s order granting his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Braswell contends that he was denied his Sixth Amendment right to self-representation during his § 3582(c)(2) proceeding to modify his sentence. Assuming arguendo that the district court erred by not granting his request, any error was harmless because the court allowed Bras-well the opportunity to file a supplemental brief raising any issues not addressed by court-appointed counsel, and subsequently explained why a § 3582(c)(2) proceeding was not the proper vehicle to raise those issues. Cf. United States v. Maness, 566 F.3d 894, 897 (9th Cir.2009) (per curiam).
Braswell also contends that the district court erred by limiting the issues on resentencing to a consideration of whether and to what extent he was entitled to a sentence reduction under § 3582(c)(2) based upon the revised Guideline and the factors set forth in 18 U.S.C. § 3553(a), and refusing to address his challenges to the original sentencing enhancements and to the sufficiency of the indictment. The district court did not err. By its plain terms § 3582(c)(2) applies only to sen-fences and not convictions. See 18 U.S.C. § 3582(c)(2). In addition, Guideline application decisions unrelated to the amendment remain unaffected by a § 3582(c)(2) motion. See U.S.S.G. § lB1.10(b), cmt. n. 2 (2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.